UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

RECEIVED
OCT 2 0 2023
U.S.C.A. 3rd. CIR

Jose Montanez,
      Plaintiff

v.

Paula Price, et, al.,
      Defendants

Case No. 23-2669

District Court No. 3:22-cv-1267

Request For Counsel

Pursuant to 28 U.S.C. §1915(e)(1) Plaintiff, Pro se Plaintiff, Jose Montanez, now moves for an order from this court for an appointment of Counsel to represent him in the above captioned case. In support of his request, Plaintiff pleads the following facts:

Plaintiff's case is not frivolous and his claims are substansive and full of merit.

(1) Plaintiff is indigent and unable to afford counsel on his own. Currently Plaintiff is $27.99 in the negitive in his prison account due to medical costs; Law Library copies for legal work, Legal Mail for both this case as well as his criminal case as he is Pro se in that case as well. Plaintiff has no outside support and currently is only making $17.00 a month from the prisons welfare funds. He is also still paying off filing fees from this case and his criminal case, which is also on appeal in this court (2-19-cv-2920), so those funds

are also being deducted before my debt to the state for legal purposes are paid off. Plaintiff is currently on numerous job waiting lists, however he is limited on the type of work he can do due to the disabilities he deals with that are a result of issues in this case

(2) Plaintiff's incarceration will greatly limit his ability to investigate and/or obtain any relevantly needed facts concerning the medical aspects of his claims. Also, being an inmate leaves Plaintiff at a disadvantage in obtaining any Policies Prison officials will not want to give this Plaintiff citing security reasons.

(3) A trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to obtain and present expert medical witnesses from the medical field relevant to this case. In addition, having counsel's experience regarding presentation of the Plaintiff's case, cross examing and questioning witnesses would not only benefit Plaintiff but the court process as well.

(4) Counsel would also be needed for discovery purposes. While Plaintiff is able to file motions, he has no idea what to request for in discovery phase of this proceeding. As stated above this case is involving medical issues and even though plaintiff knows he will need his medical records (which he can't even afford), he is sure there is more he will need. However, he has no clue what those things are.

(5) Plaintiff has made numerous attempts at trying to obtain his counsel on his own but has failed so far. Enclosed are the letters, cashslips, and responses from those attorneys. Most of the attorneys did not respond however.

As this court will have seen by the time this Motion is considered, Plaintiffs' claims have substantial merit and is not at all frivolous.

Parham v. Johnson, 126 F.3d 457 (1997 Quoting: Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992) ("The appointment of counsel should be given serious consideration . . . if the [indigent] Plaintiff has not alleged frivolous or malicious claims and the pleadings state a prima facie case").

As Plaintiff has claimed above, and this court now knows, his case involves medical issues. Particularly the spinal cord and what can and/or will happen when it is damaged.

Boring v. Kozakiewicz, 833 F.2d 468, 473 (3rd Cir. 1987) (holding that expert testimony is necessary when the seriousness of injury or illness would not be apparent to a lay person)

This plaintiff would need counsel to obtain this expert as plaintiff does not know how to do this, nor can he afford to do this.

(3)

Tabron v. Grace, 6 F.3d 156; 1993 U.S. App. LEXIS 25 "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and cross examination." See Maclin, 650 F.2d at 888 ("Counsel may be warranted where the only evidence presented to the factfinders consists of conflicting testimony") see also Manning v. Lockhart, 623 F.2d 536, 504 (8th Cir. 1980) (holding that the District Court abused its discretion in refusing to appoint counsel where claims where non-frivolous and the question of fact turned on witness credibility).

The District court abused it's discretion in this Plaintiff's case as well, when they refused counsel to this Plaintiff when his case was not frivolous.
In this case it will ultimately come down to the testimony of expert witnesses after the facts of the case are presented to the fact finders, and having experience of an attorney will likely lead to a more truthful outcome.

Lastly, Plaintiff is in pursuit of justice after being denied proper medical care under not only the constitution, but under the Americans with Disabilities Act and the laws are very confusing and counsel would be needed by this Plaintiff to argue these points in a trial and/or summary judgement if his case reaches such a point. Plaintiff feels that he will mostly likely not get the justice he deserves without the appointment of counsel.

Wherefore, Plaintiff asks this court to appoint him counsel due to the seriousness and non-frivolous facts of his case, and in the intrest of Society and the belief of Justice for all unlawfully harmed.

Respectfully Submitted,

Jose Montanez

9/29/23

Prose, Jose Montanez
#KW8233
SCI-Huntingdon
1100 Pike street
Huntingdon, PA 16654

(5)

DC-138A

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

## 1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Montanez | AA 1024 | 5/13/22 |

## 2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please deduct postage from my account for this Legal Mail to:

Joyce Ullman
Attorney At Law
1518 Walnut Street
Suite 200
Philadelphia, PA 19102

$1.70

3. INMATE'S SIGNATURE  *Jose Montanez*

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|

---

DC-138A

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

## 1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Montanez | AA 1039 | 9/18/23 |

## 2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please charge my account for this legal Mail to: Office of Attorney Mark B. Frost & Associates 1515 Market street Suite 1300 Philadelphia, PA 19102

Legal Mail $.55

3. INMATE'S SIGNATURE

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|

I/m copy

**DC-138A**

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KM8233 | Jose Montanez | AA 1043 | 7/13/22 |

2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please deduct postage amount from my account for this Legal Mail to:

Lewisburg Prison Project
P.O. Box 128
Lewisburg, PA 17837

RECEIVED JUL 1 3 2022 By____

Letter $6.49

3. INMATE'S SIGNATURE

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE SPACE

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ | | |

---

**DC-138A**

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KM8233 | Jose Montanez | AA 1024 | 5/23/22 |

2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please deduct Postage amount from my account for this Legal Mail to:

Ms. Stina Stannik, Paralegal
115 Farley Circle, Suite 110
P.O. Box 128
Lewisburg, PA 17837

$6.25

3. INMATE'S SIGNATURE

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE SPACE

| CHARGE ENTERED | DATE | BOOKKEEPER |
|---|---|---|
| $ | | |



**DC-138A**

## CASH SLIP

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Martinez | AA 1036 | 11/8/22 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please deduct postage amount from my
account for this Legal Mail to:

Lewisburg Prison Project
P.O. Box 128
Lewisburg, PA 17837

.57

**3. INMATE'S SIGNATURE** | **DATE**

**4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

CHARGE ENTERED $ | BOOKKEEPER

---

**DC-138A**

## CASH SLIP

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Martinez | AA 10-26 | 2/14/23 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please charge my account for this legal
Mail to:

Mary C. Kilgus, Esq.
Attorney at Law
165 N. Main Street
Hughsville, PA 17737



.198

**3. INMATE'S SIGNATURE** | **DATE**

**4. OFFICIAL APPROVAL**

**5. BUSINESS OFFICE'S SPACE**

CHARGE ENTERED $ | BOOKKEEPER

DC-138A

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW9233 | Jose Montanez | AA 1043 | 6/27/22 |

2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please deduct from my account for this legal Mail this:

Lewisburg Prison Project
Ms. Stina Stannik, Paralegal
115 Farley Circle, Suite 110
P.O. Box 128
Lewisburg, PA 17837

RECEIVED JUN 27 2022 By

$4.53

3. INMATE'S SIGNATURE _Jose Montanez_

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | | BOOKKEEPER |
|---|---|---|

---

Inmate Copy

DC-138A

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

1. REQUISITIONING INMATE

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW9233 | Jose Montanez | Medical | 1/31/22 |

2. ITEMS TO BE CHARGED TO MY ACCOUNT

Please deduct postage amount from my account for this mail to:

Law Office of
* Angus R. Love Esq.
924 cherry street
Suite 523
Philadelphia, PA 19107-2411

* Please return Secound copy *

53

3. INMATE'S SIGNATURE _Jose Montanez_

4. OFFICIAL APPROVAL

5. BUSINESS OFFICE'S SPACE

| CHARGE ENTERED $ | | BOOKKEEPER |
|---|---|---|



**DC-138A**

**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Montanez | Medical | 1/13/22 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please deduct postage from my account for This LEGAL Mail to:

Law office of
Samuel C. Stretton, Esq.
301 south High Street
P.O. Box 3231
westchester, PA 19381-3231

*please return second copy*

-53

**3. INMATE'S SIGNATURE** | **DATE**

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|

**4. OFFICIAL APPROVAL**
Staff Signature Verified
Date: 1/13/2022

Inmate ID Verified-in

---



**CASH SLIP**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

**1. REQUISITIONING INMATE**

| DOC NUMBER | NAME (PRINT) | LOCATION | DATE |
|---|---|---|---|
| KW8233 | Jose Montanez | A 1035 | 12/8/21 |

**2. ITEMS TO BE CHARGED TO MY ACCOUNT**

Please deduct postage amount from my account for this Legal Mail to:

Law Office of Marianne Sawicki, Esq
2530 South Blair Avenue
Huntingdon, Pennsylvania 16654

-53

**3. INMATE'S SIGNATURE**

**5. BUSINESS OFFICE'S SPACE**

| CHARGE ENTERED $ | DATE | BOOKKEEPER |
|---|---|---|

**4. OFFICIAL APPROVAL**

## LAW OFFICE OF MARIANNE SAWICKI LLC

2530 SOUTH BLAIR AVENUE, HUNTINGDON, PENNSYLVANIA 16652

(814) 506-2636
Law.Sawicki@gmail.com

December 11, 2021

Jose Montanez  # KW 8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654

Dear Mr. Montanez:

I received a letter from you today.  It is not addressed to me, it is a form letter, so it looks like you sent it to many lawyers.  Anyway, I am very sorry to hear that you are experiencing paralysis and pain, and that you are not receiving appropriate medical care.

Actually, what you need now is not a lawyer.  You would hire a lawyer if you were ready to file a lawsuit, but that is not the way to get quick medical care.  Lawsuits are expensive, and they drag on for many years.  You cannot get care quickly by suing the Department of Corrections.

What I usually recommend is to write to the Bureau of Health Care Services at the central office of the DOC.  You can write, or ask a family member to write, or both.  Even better, if your family knows who their state senator or representative is, they can contact their office and ask them to contact the DOC's Bureau f Health Care Services on your behalf.  The letter should explain what has happened and what is happening.

Medical care for inmates is provided by contractors, not state employees.  But state employees in the Bureau of Health Care Services are responsible to check and make sure that the contractors are providing all of the medical care that they are supposed to provide.  A letter to BHCS is better than a phone call.  Make a paper trail.  In the letter, ask the BHCS to review your medical records and make sure that you are receiving the right treatments.  I know that this has worked for other prisoners.

There is no guarantee that they can figure out what has gone wrong with your health and what will help.  But at least, you will know that the prison contractors are doing everything that would be done if you were seeing doctors out in the free world.

I hope that this information is of some use to you.  I wish you a speedy and full recovery.

Yours very truly,

Marianne Sawicki

Marianne Sawicki, Esquire

**SAMUEL C. STRETTON**
**ATTORNEY AT LAW**
**103 South High Street**
**P.O. Box 3231**
**West Chester, PA  19381-3231**
**610-696-4243**
**FAX 610-696-2919**

January 25, 2022

Jose Montanez
ID No. KW-8233
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652

Dear Mr. Montanez:

    I was shocked by our letter and the cost of treatment. If I had the funds to hire an expert doctor, I would take the case but I do not. Keep filing the grievance.

                  Very truly yours,

                  Samuel C. Stretton

SCS:rht

**JOYCE ULLMAN**
ATTORNEY AT LAW
1518 WALNUT STREET, SUITE 200
PHILADELPHIA, PA 19102
(215) 751-1121

FAX: (215) 751-1063

E-MAIL: joyceullman@aol.com

March 24, 2022

Jose Montanez
#KW8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

RE: Your Potential Case

Dear Mr. Montanez:

I read everything you sent to me.

You had a very serious surgery and proper therapy (which is usually a minimum of 3 months continuous therapy) and proper living conditions is key to a good recovery which you apparently did not get and are still not getting. I am aware, being an inmate in a State Institution your ability to advocate for yourself and the options available to you are limited.

In regard to seeking judicial relief under a civil rights claim, I could not represent you at this time on a continency fee basis. However, if you are able to obtain your medical records from UPMC, if you are able to be taken back to your physicians there for a follow-up evaluation, (Particularly since you had a herniated disc) and if your physicians there are willing to give you a report as to what treatment you needed post-surgery and have not been getting, which has resulted in a deterioration of your spinal condition, I would reconsider.

The other alternative is for you is to retain a medical advocate to advocate on your behalf for you to receive the medical treatment that you need.

Very truly yours,
/s/ Joyce Ullman
Joyce Ullman

JU/cs

Dear Ms. Joyce Ullman,

On August 28, 2021, at or around 1 pm, I got up to use the bathroom and my legs did not work. I attempted to stand, and right away 1 dropped to the floor. I could not feel anything from my chest down to my feet. I immediately got the attention of a correctional officer, who inturn told Sgt.Bullick, who called medical, who came with a wheelchair.

Sgt.Bullick and another C/O entered my cell on the third tier and carried me down to the ground floor. A nurse named "Mel" was waiting with a wheelchair, and wheeled me off to the medical unit, checked my vital signs, vaguely checked my legs and feet, and then told me I would be moved to the bottom tier until I could see the doctor the next day. I pleaded to her that I was in excruciating pain and I should be taken to the emergency room, but she ignored my pleas and just wheeled me back to my housing unit.

I immediately filed a Grievance. The cell I was housed in, 127, which is at the rear of the block and on the opposite side of the officer's desk. That same day, I involuntarily urinated on myself numerous occasions for the remainder of that night. I also, fell to the floor during all my attempts to get to the bathroom and cell door to receive my meals.

The next day when I saw the doctor, who just looked at me through my cell door, I explained to him what was going on with me. I attempted to walk the best that I could in front of him, but he just said "okay" then left without doing any physical examination. I was left in that rear cell, experiencing the same urinating and falling for the next two days. Not until August 31,2021, at or around 11 am, when a nurse came to my cell with a wheelchair and took me to the medical unit where the doctor informed me I would be sent to the hospital for a MRI.

While being at UPMC Altoona for a week, I was taken into surgery, September 8,2021. I eventually had to flip out on the medical staff in order to get medication to stop the agonizing pain I was going through.

On September 15,2021, I was transported by SCI Huntingdon Correctional Officers to Encompass Health in Bellefonte for two weeks of physical therapy until October 1,2021, when SCI Rockview picked me up and took me to their infirmary. The next day, 1 was

visited by their facility doctor. I told Dr. Preston, that UPMC Altoona's doctors, who operated on me told me that I should be in physical therapy for a number of months because I could not walk properly on my own. Dr.Preston then told me, "the higher ups said you will not be getting any more physical therapy". I was then given a walker and rubber band and told, "do the best you can on your own", by Dr.Preston.

During my entire stay at Encompass Health, nurses had to aid me with travel to the bathroom. And, after being transferred to SCI Rockview I had to manage by my own at its infirmary. This of course, again, resulted in me urinating on myself while attempting to get to the bathroom, that was only five (5) ft away from me, ultimately resulted in me falling on numerous occassions. I told the doctor about this, but only received a nod. I then filed a Greivence about being taken out of treatment at SCI Rockview. I did not receive any type of response from them., I also, filed another Grievance regarding the same issue at SCI Huntingdon. I then received a response stating that they (SCI Huntingdon) have noting to do with my claims, and I must talk to SCI Rockview's medical personal about it.I have since filed an appeal.

On the night, of October 20,2021, while trying to get to the bathroom, my left leg gave out, and I fell to the floor. The next day, I made Dr.Preston aware of my fall, he then refused to issue me stronger pain medication, but told me he would schedule me for an x-ray. After waiting for a week I never received an x-ray. I then filed a Grievance,after the grievance I was finally given an x-ray. I was then told by Dr.Preston my x-ray results were negative, however, after having my surgen look at the x-ray, he said I had a herniated disc.

I was forced to work through the pain,because I was only getting generic extra strength Tylenol for pain, which did nothing for my pain, but when I was finally able to walk short distances in baby steps I was sent back to SCI Huntingdon. I was put in Quarantine until where I had to lay on a concrete slab. I did have two mattresses but they did nothing to prevent the back, hip and neck pain I was enduring. In fact, my condition worsened. While in the Quarantine unit I wrote a sick call requesting to be sent back to physical therapy and was told by P.A. Ms. Nalley that I would be sent to physical therapy after I see my Doctor at Altoona UPMC. I waited for almost two (2) weeks before finally filing a Grievance asking to go back to physical therapy.

On November 27,2021, I was sent to general population and living the life of an inmate not in my position, Therefore, I have to get up and walk up and down the tiers to get my meals, medications, going on medical passes, putting laundry in, and showers.

My condition is worsening and I am still only taking baby steps, the pain is getting worse with each day, as well as, the damage to my back this condition is causing me. As of December 1,2021, I have been receiving a pain medication called rellofin, it does not work.

Ms. Ullman,I am writing in hope to obtain your counsel in this matter. I have exhausted all administrative remedies, however the first grievance I filed was done while I was still at SCI Rockview. And finished exhausting them while at SCI Huntingdon. Yet I am not sure if this is proper exhaustion of those remedies. I have all enclosed copies of these forms.

Please contact me if you are interested in representing me.

Very truly yours Jose Montanez.

Respectfully,

_____          Date:_____

**JOYCE ULLMAN**
ATTORNEY AT LAW
1518 WALNUT STREET, SUITE 200
PHILADELPHIA, PA 19102
(215) 751-1121

FAX: (215) 751-1063

E-MAIL: joyceullman@aol.com

March 24, 2022

Jose Montanez
#KW8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

RE: Your Potential Case

Dear Mr. Montanez:

I read everything you sent to me.

You had a very serious surgery and proper therapy (which is usually a minimum of 3 months continuous therapy) and proper living conditions is key to a good recovery which you apparently did not get and are still not getting. I am aware, being an inmate in a State Institution your ability to advocate for yourself and the options available to you are limited.

In regard to seeking judicial relief under a civil rights claim, I could not represent you at this time on a continency fee basis. However, if you are able to obtain your medical records from UPMC, if you are able to be taken back to your physicians there for a follow-up evaluation, (Particularly since you had a herniated disc) and if your physicians there are willing to give you a report as to what treatment you needed post-surgery and have not been getting, which has resulted in a deterioration of your spinal condition, I would reconsider.

The other alternative is for you is to retain a medical advocate to advocate on your behalf for you to receive the medical treatment that you need.

Very truly yours,
*/s/ Joyce Ullman*
Joyce Ullman

JU/cs

  

# LEWISBURG   PRISON   PROJECT

P.O. Box 128
(Office) 115 Farley Circle, Suite 110
Lewisburg, PA 17837

Ph: 570.523.1104  Fax: 570.523.3944
www.lewisburgprisonproject.org
info@lewisburgprisonproject.org

Organized In 1973

May 4, 2022

Jose Montanez #KW8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16652

> *Make sure to write "Legal Mail" on the outside of the envelope so that your institution processes your return letter through special mailing procedures*

Dear Mr. Montanez:

We received your letter dated March 29, 2022, on April 5, 2022.

In your letter, you said that you have communicated with a private attorney who wants to see copies of your medical records from UPMC Altoona.

The attorney could contact UPMC and ask them about their records release process, then work with you to obtain your permission and the records. The attorney does not need our assistance to obtain those records.

If you are unable to obtain representation from this private attorney, please get back in touch with us, but please note that we would need to evaluate your situation and determine if/how we might be able to assist.

Sincerely,

Stina Stannik, Paralegal
Lewisburg Prison Project
Pennsylvania Institutional Law Project

The PA Institutional Law Project, affiliate of the Lewisburg Prison Project, has a grievance procedure for denials of service. The procedure will be mailed to you within ten days of our receipt of your written request for the procedure.

Dear Ms.Stannik,

Thank you for your May 4,2022,response to my March 29,2022, letter. I have enclosed all of the current Grievances,request forms, and sick calls, involved in this manner, in the best way that I can. Please know that I have put everything in order of dates when they filed. I appreciate you and your office's time and consideration of this case. Thank You.

Yours Truly,

Jose Montanez
#KW 8233
SCI Huntingdon
1100 Pike Street
Huntingdon,PA.16654

DATE: 5/23/22

Since at least November 2019, I have been experiencing numbness down my left leg on down to my toes. I made medical aware of this issue through sick call, and Ms. Nalley (Physician Assistant) gave me some type of medication that did nothing to help. This issue would continue all the way through April 2020, where I would start to additionally experience numbness in my chest and stomach are on my right side. I would report this to the medical department as well via the sick call system. I was given an X-Ray and waited for those results, which lead to nothing. I never found out what was wrong with me until almost Two (2) years later.

On August 28, 2021, I got out of my bunk and stood up to use the toilet and as soon as I stood up I collapsed to the floor. I realized that I couldn't feel anything from my chest down to my toes on both sides of my body. I was eventually helped down to the first tier from the third. A nurse named Mel was at the bottom of the steps waiting with a wheel chair and she pushed me out to the medical department where my vitals were taken by a male nurse and Ms. Mel did some checks on my legs asking me if I could fell certain areas. Nurse Mel would then go into their office and call Dr. Mahli concerning the issue. She came back out of the office and told me that I would be moved down to the first tier until I was seen by the Doctor the next day. I argued that I needed to be helped and taken to the hospital. Nurse Mel replied, "well, you're not going to the hospital."

When I was wheeled back to my housing unit I told Sgt.Bullick that I wanted a Grievance Form. The Sgt. asked me what I wanted a Grievance form and nurse Mel replied, "Because he wants to go to the hospital", and she let out a laugh. (Later, I would find out that she told other inmates that I was faking my condition) Nurse Mel wheeled me down to 1027 cell where I was forced to go into the cell with no help from anyone. I basically had to crawl into the cell and lean against the walls and desks to get to the bunkbed.

For the next Three (3) days I urinated all over myself because I could not feel myself having to urinate until it was too late. I tried numerous times to get to the bathroom in time so that I didn't completely urinate on myself, but I would always fall to the floor on my knees, my side, my back and end up urinating all over myself again, and laying in my urine until I regained my strength in my arms again (my arms were not numb) and pull myself up and begin the process of cleaning up again until my back could not take it anymore and I would use my remaining strength in my arms and lay back down in my already urine soaked bed.

The next day, Sunday August 29, 2021, Dr. Malhi came to my cell door, while it was still locked and closed, and asked me how I was feeling. I explained to him all of my symptoms, including not being able to get to the bathroom before urinating on myself. He said nothing to all of this, just nodded his head. Dr. Malhi then asked me to walk for him, and although I couldn't, I used my forearms to lean against the desk and did my best to stand. I was basically hanging off the desk by my arms without actually doing a physical examination. Dr. Malhi left and I didn't see him again until Tuesday August 31, 2021, when a nurse picked me up in a wheelchair and took me down to the medical department. Dr. Malhi told me that I was going to the hospital for a MRI

I was picked up by an ambulance and taken to UPNC Altoona, where I would be diagnosed with Spinal Cord Stenosis-Spinal Cord Edema. Despite this knowledge by the Doctors at UPNC Altoona they didn't operate on me until September 10, 2021. I went through days of pain because the pain doctor acted like he didn't want to give me good enough pain meds. I eventually snapped out on him which caused him to change my pain doctor who did give me pain medication that did work to relieve my pain. After the operation, I was left with Two

(2) craters on each side of my head that will be there for life because I was denied treatment for the "Puss Infection Holes" that were left by "Prongs" put in my head that was needed due to my type of surgery, at least according to Dr. Riley.

On September 15,2021, I was transferred to Encompass Health Treatment Center in Bellefonte,PA. for physical therapy. However, I was only allowed about Two (2) weeks of this treatment, because on October 1,2021, I was picked up by SCI Rockview's C/Os and transferred over to their Infirmary (which coincidently happen to be just down the road) where I was no longer given any more treatment. I was told by their Doctor, Dr. Preston that, "according to the higher power up at your prison, you will not be receiving any more physical therapy".

My pain medication was taken back down to Extra Strength Tylenol 500mgs, which did nothing for the pain that I was in at the time. I still was in a wheelchair and there was no longer any nurses to call to help me to get to the bathroom. This of course caused me to fall numerous times in attempt to get to the toilet. I never did any serious damage to myself during those falls, just bruised my hands,wrists, and elbows and of course the neck and back pain due to the fact that the neck is where the surgery was. However, on October 20,2021, I was walking a little bit and got up to use the bathroom-which was much further away now due to my cell being changed-when my left leg gave out on me and I fell to the ground and landed on my butt which cause a new pain in my lower spin and in my upper back. The pain in my spin was so intense that I told Dr. Preston about the fall and my new pains. He denied me a stronger pain medication, but claimed to have put me in for an X-Ray for my lower spine.

After about a week, and not receiving an X-Ray, I wrote a Grievance regarding this (#953008) and also talked to Dr. Preston again before finally getting an X-Ray of my lower spine., which I could see on their computer and I knew that I had injured my lower spine due to the brightness of that exact area in comparison to my other spinal parts. However, when I received my Initial Review Response from my Grievance, their Healthcare Administrator Mr. Ellers claimed that the X-Ray results were negative (I would later learn that the actual results were a herniated disk). Despite this incident, which was a result of being taken out of Physical Therapy too early-when I was still using a wheelchair, I was never given any stronger pain medication or any type of back brace, which I also requested from Dr. Preston, or anything due to this additional pain and suffering. Eventually, I complained enough for medical to give me a same day Covid-19 test and results were sent back to SCI Huntingdon.

On Friday November 12,2021, I wrote a request form and sick call (both enclosed) immidiately requesting to be taken back to physical therapy. On Monday November 15,2021, I was seen by P.A. Gabbriel Nalley who told me I would be taken back to physical therapy soon (Grievance #96124-sorry, my Final Appeal and Final Response for this grievance, I can't find them)but this never happened. Instead, I was sent up to SCI Smith-Field and locked down Twenty-Four (24) hours a day and Seven (7) days a week. With no treatment and very little movement.

I filed a Grievance (#960262) requesting that they too send me back to physical therapy. I arrived at SCI Smithfield on December 14,2021, but did not get taken to an outside physical therapy clinic or center until January 19,2022, and they did nothing for me but talk to me and show me some workouts to do in my cell. I was there for a hour. The next time I went, it was Two (2) weeks later. I don't remember the date it was, but the next time was only for a hour again, but this time they physically showed me different

workout to do. It wasn't a workout though, or any type of treatment that would affect my condition.

The next time, I was in so much pain because of my left hip, I couldn't go and they stopped my treatment. I came back to SCI Huntingdon on March 7, 2022, and again wrote to the sick call staff and got put on a stronger pain medication finally called celebrex. I was mostly sent back because SCI Smithfield refused to address and deal with the numerous other medical issues I am still dealing with to this day. Grievance's #960931, #962992, #962965.

I was taken to see my neurosurgeon on May 11, 2022, and he recommended more physical therapy for me and an X-Ray of my neck where I was operated on. I wrote a sick call (enclosed) asking to know the recommendation of my Neurosurgeon and was told, in addition, regarding Grievance #962992, that there is no Doctor in that profession working for the prison because that last one was not paid, so he quit.

Anyways, please know that everything I have enclosed is everything I have concerning this manner. I am currently still awaiting a Final Grievance Response for #956603, #962992 and #962965. Also, I am not sure if Grievance #953008 have exhausted my Administrative remedies for the sake of filing a §1983 since I started it while I was still at SCI Rockview. Please let me know. This situation really affected my mental health, memory, comprehension and so much more, so if these Documents confuse you, I apologize. If you have any questions please contact me and I will respond right away.

Thank You for your time and consideration with this matter.


Yours Truly,


_____          Date: _____

Jose Montanez
#KW 8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA. 16654



## PENNSYLVANIA INSTITUTIONAL LAW PROJECT

115 Farley Circle, Suite 110
Lewisburg, PA 17837
570-661-9045
www.pilp.org

December 15, 2022

Jose Montanez #KW8233
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16652

*Make sure to write "Legal Mail" on the outside of your envelope to ensure your institution processes your return letter through confidential mailing procedures.*

Dear Mr. Montanez:

We received your letter dated August 21, 2022, on August 26, 2022. We apologize for the delay in our response; we have been dealing with an overwhelming caseload.

We have reviewed your medical records and your filed complaint. At this time, we do not have the capacity to offer you representation.

We would advise you to consider adding an Americans with Disabilities Act (ADA) claim to your lawsuit. We noticed that you have requested disability accommodations as part of your relief, but identifying an ADA claim within your complaint can strengthen your lawsuit as the standards under the ADA are more plaintiff friendly than those for the Eighth Amendment.

If you are still being denied PT, bottom bunk status, and the other disability accommodations you request, you may wish to complete a *disability accommodation request* (form enclosed). If your requests are denied, you would want to fully grieve the denial, and you could then file an amended complaint to include an ADA claim.

I have enclosed some informational resources about disability accommodations. Please let us know if you have any questions.

Sincerely,

Stina Stannik, Paralegal
Pennsylvania Institutional Law Project

PILP has a grievance procedure for denials of service. The procedure will be mailed to you within ten days of our receipt of your written request for the procedure.

February 23, 2023

Dear Ms. Kilgus,

I am writing in hopes of obtaing your counsel despite me not being able to pay upfront. Please consider my claim before you make your decision.

On August 28, 2021 I got out of my bottom bunk and tried to walk over to use the bathroom but instead crumbled to the ground. Thinking I tripped on something, being halfsleep, I tried again with the same result. I felt around my body and realized I couldn't feel anything from my chest to my feet. I notified a c/o who in turn notified a Sergeant who made me crawl over to them at my cell door from my bunk. From there I was helpped down to the first tier where a nurse was waiting with a wheelchair. I was taken to the medical department were a male nurse checked my vitals while the female nurse who came and got me did some checks on my legs. Afterwards she went and called the facility Doctor who told her to put me back in a cell on the 1st tier. When taken back to the cell the nurse refused to help me into the cell so I had to crawl again I stayed in that cell urinating on myself and bedsheet and clothes that whole

day and night. I had to crawl over to the toilet
that had urine stains all over it but still had to
climb it to reach the sink to wash my clothes and
sheet because nor the correctional officers or the
nurse who came with my normal medications did
anything about me urinating on myself. The next
morning the Doctor came to see me from the
outside of my cell. He told me to try to walk
for him and I showed him my condition and he
just nodded. I made him aware of the fact
that I was urinating on myself and he nodded
again and walked away. I continued in this same
condition from Agust 28, 2021 until August 31,
2021 when I was finally take to UPMC
Altoona where an MRI would show that I
was suffering from Spinal cord edema / Spinal
cord Stynosis. I had surgery on September
10, 2021 and was sent to Encompass Health in
Bellefonte on September 10, 2021 for Physical
Therapy. While still needing a wheelchair, on
October 1, 2021 I taken out of Encompass Health
and taken to the infirmary in SCI-Rockview
where I went back to getting Extra Strength
Tylenal for my pain, which did nothing for my
pain, and now I recieved no more Physical Therepy

(2)

I was given a wheelchair and a excercise rubberband and told to do the best I can on my own by their facility Doctor. I fell numerous times hurtings myself while trying to do work outs that I remembered from Physical Therapy. On October 20, 2021 I fell in the middle of the night which resulted in me getting a herniated disk. I ~~refused~~ was refused stronger medication and was lied to about the result of an X-ray. I was sent back to SCI Huntingdon on November 12, 2021 even though I still was not walking good enough to be put in population. Immidiately I wrote to medical to request to be taken back to physical therapy. I wrote numerous Grievances and sickcalls as well. On December 14, 2021 I was sent to the infirmary at SCI-Smithfield where I was refused an extra mattress and physical therapy until January 19, 2022 when I was taken to a Physical Therapy center here in huntingdon for an hour a week where I would be given diffrent types of workouts to do in my cell but I was not allowed the recommended rubberband and other workout equipment. Due to having a bad hip I couldn't go to physical therapy one day so whoever stoped me from going again

(3)

The pain in my hip (left hip) was so overwhelming
that day I couldn't go to the physical therapy class
that day. I had, and still have, numerous other
medical conditions that the doctor in SCI-Smithfield
refused to address them and I was sent back to
SCI-Huntingdon on March 7, 2022. I still have
not recieved physical therapy again. I filed an
Amendend §1983 civil claim on January 24, 2023
with an Americans with Disability Act Title II and
Section 504. Application attached/enclosed.
I have been dealing with phyological issues
my whole life and after all the pain and torture
I was made to go through and suffer from my
mind is no longer the same. I feel like I'm
losing it with each passing day. If ever anybody
has needed someones help, I am in that boat.
Please consider taking my case.

Jose Montanez
      V.
Paula Price, et.al.)

Civil Action No.
3:22-CV-1267

Respectfully,
_[signature]_

Pro Se, Jose Montanez
      KW8233
      SCI-Huntingdon
      1100 Pike street
      Huntingdon, PA 16654

(4)

Dear Mr. Mark B. Frost,

  I am writing in hopes of obtaining your counsel on my Civil Action claim under 42 U.S.C. §1983. I am however indigent and hope that ~~could~~ you could take my case on co-assignment (I hope I said that right) because I could really use a "Super Lawyer" on this one. Please review my included story and please take my case under consideration. Thank you.

          Truely Yours,

          Jose Montanez

Jose Montanez

   v.          Pro Se, Jose Montanez

Paula, Price, et., al.        KW8233

           SCI-Huntingdon

Civil Action No. 3:22-CV-1267   1100 Pike Street

           Huntingdon, PA 16654

Court of Appeals No. 23-1429

Saturday August 28, 2021 at or around 1:00 PM
I got out of my bottom bunk standing in an attempt
to walk over to the toilet when my legs buckeled
beneath me. I got onto my knees and crawled back
over to my bunk and tried to stand again with the
same results. I got back onto my bunk the same
way and, in disbelief, frantically felt around on my
legs and realized that my legs could not feel my
hands touching them. In fact, I couldn't feel any
thing from my chest down to my feet.
I notified a gaurd walking by and he returned
with the block sergeant. I was assisted down
two (2) filights of stairs by the guards and
was met by nurse mel with a wheelchair at
the bottom. At the medical department I was
having my vitals checked and nurse mel checked
my legs and then went to call the on call
physician Doctor Mahlie who told her to put me
in a bottom tver cell and he would come see me
the next day. Nurse Mel informed me of the
doctors orders and I started protesting immediately
that I was paralyzed and needed to go to the
hospital. "Well, your not going to the hospital!"
Nurse Mel told me back. When I was wheeled
back onto my housing unit I told the block sergeant

p. 2

that I wantted a grievanc form. He asked me what I wantted a grievence for and Nurse Mel answered saying, "He wants to go to the hospital", and the she let out a laugh. I was wheeled down to cell 1027 and after the cell door was opered nurse mel pushed me in the front of the cell and told me to go into the cell. Seeing that I was not going to get any help from this nurse I was forced to slide down off of the wheelchair onto the floor where I used my arms to crawl across the cells dirty floor until I ~~walk~~ got to the bunk bed and climed on to it. Nurse Mel watched the whole thing and had said "stop faking it"! When she left the block sergeant brought me my grievence.

The next day, Sunday August 29, 2021 I was seen by the doctor through a closed and locked cell door. He never did a physical examination on me, just asked me to try to walk for him. I told him and showed him that I could not walk and he just nodded. I made him aware that I was in extreme pain and had been urinating on myself since the day before, again he nodded and walked off. The urinating on myself continued and nothing was ever done about it by the prisons staff,

p.3

medical or other wise On August 31, 2021 at or around
11:00AM I was wheeled down to the medical department
from my cell and was told by Doctor Mahli that I
would be taken to the hospital for an MRI.
The results showed that I suffered from spinal
cord stenosis/spinal cord edema. I had surgery at
UPNC Altoona on September 10, 2021 and left the
hospital and taken to Encompass Health for physical
Therapy on September 15, 2021. Despite still not being
able to walk, I was taken out of physical therapy
on October 1, 2021 by SCI-Rockview guards and
taken to their facilities infirmary where I was
denied anymore physical therapy and experienced
numerous more falls due to not getting anymore help going
to and from the bathroom which was just five feet
from me. I ask for and received a workout rubber
bond and despite the pain I was again forced to
endure, because I was only getting Tylenol for my
pain again, I kept on working out everyday all
day from the workouts I learned at the physical
therapy clinic. This paid off because I was eventually
able to walk again with the aid of a walker.
On October 20, 2021 I got up to use the bathroom
and, with the aid of my walker, was on my way to
the toilet when my left side went out on me

p. 4

and I fell to the ground landing on my butt and causing myself more back pain and additional upper back pain ~~and~~ as well as – I would later learn – a herniated disk. I made SCI-Rockviews Doctor – Dr. Preston – aware of my ~~back~~ fall the next day and despite my additional pain I was denied stronger pain medication. He did, however, say that he would put me in for an X-ray. After waiting a week no X-ray was done so I filed a grievance and was afterwards taken to have an X-ray done on October 31, 2021. On November 12, 2021 I was basically kicked out of SCI-Rockview on a Friday afternoon while still ~~not~~ not done healing from my surgery and not properly walking yet. I would eventually get my initial review response from my grievance about the X-ray while at SCI-Rockview and their Healthcare Administrator at the time would lie in his response and say that the X-ray showed nothing was wrong with me. "It was negitive" as he had said. While at SCI-Huntingdon I put in a sickcall requesting to be taken back to physical therapy. On Monday November 15, 2021 I was seen by Physicians Assistant Ms. Nalley who denied me stronger pain

medication as well as a double mattress for all of the neck, back, hip, and leg pain I was dealing with. Ms. Nalley did tell me that I would be taken back to physical therapy, however, and I waited a week before filing another grievance regarding being taken back to physical therapy because I already know how this medical department works and I did not want to lose the opportunity to have a sufficient claim when I filed my § 1983 claim. I would later ask this same P.A. If I could stay on the unit I was on - D-Max, which was the (14) day Quarentine block at the time - due to the condition I was in, plus the Main 2 to 10 shift staff had given me a double mattress and allowed me to come out of my cell and walk around to strech my legs a couple of times a day. I was denied that request and on November 25, 2021 I was forced to push a big cart, which by itself weighed 121 pounds, and also held the additional weight of all of my property, from D-Unit to A-Unit all the while still unable to walk right and dealing with extreme pain. While in population I was denied a medical lay-on (Bedrest) so I was forced to get up and walk up and down the long tiers to get my meals, medication, and anything else including callouts off of the housing unit. On December 14, 2021 I was moved up to SCI-Smithfields infirmary where I was locked in a cell and again denied stronger pain medication and a double mattress. I filed grievances for every issue including being denied to be taken to have an MRI done on my left hip due to the amount of pain I was in and the x-ray showed nothing wrong.

(5)

On January 19, 2022 I was taken to a local Physical Therapy place for an hour where I was shown some work outs to do while in my cell, but the Doctor denied me the rubber band and other tools I was offered to use to make the work outs more sufficiant. One day in late February 2022 I was in so much pain from my hip I could hardly walk, unfortunately SCI-Huntingdon guards came to get me to take me to physical therapy that day, I told them that I could not go because of the pain and as a result I was again refused Physical Therapy. On March 7, 2022 I was sent back to SCI-Huntingdon not completely healed but walking better. I did a lot of working out while at SCI-Huntington smithfield and since I had other medical issues that SCI-smithfield refused to address, I was sent back to SCI-Huntingdon.

To this day my back is always in pain and while I am now recieving better pain medication, have a double mattress (from my unit manager), and a backbrace (which was stolen in the wright pit and I will have to pay for), I have filed my 42 U.S.c §1983 Civil Action claim and have amended it (copy enclosed), I have added an ADA claim under title II and Section 504 of the Rehabilitation Act in which I have also named the State of Pennsylvania as a defendant. I tell you this in case you might not want to be involved. I don't like false expectations. However, if you are intrested in taking my case please write back with the details.

Truely yours

Pro Se, Jose Montanez
        KW8233
        SCI-Huntingdon
        1100 Pike Street
        Huntingdon, PA 16654      (6)

Street
) PA 16654

Office of The Clerk
United States Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106



RECEIVED
OCT 2 0 2023
U.S.C.A. 3rd. Cir



U.S.M.S.
X-RAY.