IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

JOSE MONTANEZ,        :
        :
        Appellant,        :
        :    No. 23-2669
v.        :    (M.D.Pa. 03-22-CV-01267)
        :
PAULA PRICE, Health Care        :
Administrator, et al.,        :
        :
        Appellees.

## MOTION FOR RECONSIDERATION REGARDING ORDER FOR SUPPLEMENTAL BRIEFING (Dk. 76)

Now comes Appellee, Wellpath, and moves to ask the Court to reconsider the directions of the Court's Order of October 17, 2024 (Dk. #76), and further states:

1.    This is an appeal arising from a civil rights action filed by a prisoner of the Pennsylvania Department of Corrections, Appellant Jose Montanez, who appeals an Order of the United States District Court for the Middle District of Pennsylvania, which granted Motions to Dismiss filed by Defendants in that action, among whom is Appellee and movant, Wellpath.

2.    Oral argument was conducted in this appeal On September 24, 2024.

3.    Subsequent to oral argument, on October 17, 2024, the Clerk issued two Orders (Dk. 75 & 76).  The first (Dk. 75) directs the parties to file supplemental letter-briefs on or before October 30, 2024, with further directions

regarding the issues to be addressed in such letter-briefs.  The second (Dk. 76) directs Appellee Wellpath with four specific line items, including a direction that Appellee "identify any source of federal funds that Wellpath . . . has received from 2008 through 2022, including federal contracts, grants, loans, or any other type of federal financial assistance."  The Order further directs Wellpath to provide a chronological list pertaining to the foregoing, which must be done on or before October 25, 2024.

4.      Movant-Appellee Wellpath now asks the Court to reconsider the Order at Docket #76, for the reason that the information which the Order requires Wellpath to produce is solely related to Appellant/Plaintiff's claims which arise under the Rehabilitation Act 29 U.S.C. §§701, *et seq*., but such claims are moot in the instant appeal because Appellant/Plaintiff unambiguously stated at oral argument that Appellant/Plaintiff is not pursuing those claims in this appeal.

5.      In addition, The Order imposes a substantial burden which is essentially in the nature of civil discovery upon Wellpath, and would better be addressed by the United States District Court for the Middle District of Pennsylvania, should the Court remand the action, as the Federal Rules of Appellate Procedure do not contemplate the conduct of what is essentially discovery, or provide mechanisms for the management and scope, or objections to discovery, which do exist under the Federal Rules of Civil Procedure.

All as is more fully set forth in the accompanying Brief in Support.

WHEREFORE, Appellee Wellpath asks the Court to reconsider the directions included in the Order at Dk. 76, to rescind or modify the Order in such a manner as the Court may deem fit, consistent with the concerns set forth in this Motion and accompanying Brief.

Respectfully submitted,

Samuel H. Foreman, Esq.
PA 77096
sforeman@wglaw.com

WEBER GALLAGHER
Six PPG Place, 11th Flr
Pittsburgh, PA 15222
(412)281-4541

**CERTIFICATES**

I hereby certify that this 24th  day of October, 2024, the **MOTION FOR**

**RECONSIDERATION REGARDING ORDER FOR SUPPLEMENTAL**

**BRIEFING (Dk. 76)** was served upon all counsel of record *via* the court's

CM/ECF e-filing system.



Respectfully submitted,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

BY: _____
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA77096

Keanna A. Seabrooks
kseabrooks@wglaw.com
PA324714

Six PPG Place
Suite 1130
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 (FAX)


Date: October 24, 2024