

January 31, 2025

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

**Re:** *Jose Montanez v. Paula Price, et al.*
Case Number 23-2669
District Court Case Number 22-CV-01267

Dear Ms. Dodszuweit,

The Bankruptcy Court's stay does not apply to the Commonwealth Defendants because it is invalid as applied to all non-debtors, i.e. all defendants except for the corporate entity of Wellpath.

An entity's filing of a Chapter 11 petition automatically stays all suits against it under 11 U.S.C. § 362(a). "[T]he automatic stay," however, "is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991); *see also In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). This Court has reiterated this holding as recently as 2023. *See In re Mazza*, No. 22-3053, 2023 WL 128934, at *1 (3d Cir. Jan. 9, 2023). Other circuits have adopted the same rule, citing this Court for the proposition. *See, e.g.*, *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("We find the reasoning of the Court of Appeals for the Third Circuit especially instructive and adopt it as our own"); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992). Even more recently, the U.S. Supreme Court emphasized the limited reach of bankruptcy courts over nondebtors, reversing the Second Circuit for relying on a catch-all provision in the bankruptcy code to provide them expansive relief. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 215 (2024). Bankruptcy courts, the Court wrote, had no power to "effectively extend to *nondebtors* the benefits of a Chapter 11 discharge usually reserved for *debtors*." *Id.* (emphasis in original).

Just because 11 U.S.C. § 362(a) does not permit for a stay against nondebtors does not necessarily mean that bankruptcy courts can never issue such a stay. Courts may be able to do so in "unusual circumstances." *See Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). These circumstances "usually include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's

reorganization." *Id.* "[S]uch extensions, although referred to as extensions of the automatic stay, [a]re in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* The statutory authority for these injunctions is 11 U.S.C. § 105(a), which permits bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

If reading the stay's text literally, the bankruptcy court here issued a sweeping stay against nondebtors without any description of unusual circumstances. The corporation Wellpath, of course, is not "closely related" to the Commonwealth of Pennsylvania as entities. *Patton*, 8 F.3d at 349. The court's only mentions of 11 U.S.C. § 105(a) were entirely conclusory. The word injunction does not appear and its order does no analysis of the strenuous test a court must consider before entering a preliminary injunction. In every respect, the bankruptcy court did not consider the appropriateness or successfully issue the injunction that would be necessary to stay actions against nondebtors. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 n.3 (5th Cir. 1987).

This Court has addressed the interaction of 11 U.S.C. § 362(a) and 11 U.S.C. § 105(a) before and its prior analysis dictates the outcome here. *In re Wedgewood Realty Group, Ltd.*, the parties disputed whether the bankruptcy court had inadvertently allowed an automatic stay under 11 U.S.C. § 362(a) to lapse. 878 F.2d 693 (3d Cir. 1989). The debtor, who argued that the stay was intact, also insisted that even if the bankruptcy court had mistakenly let the automatic stay lift, the court "had authority to reimpose the stay by virtue of its injunctive powers pursuant to 11 U.S.C. § 105(a)." *Id.* at 699. This Court agreed with the debtor that the bankruptcy court *could* have issued an injunction extending 11 U.S.C. § 362(a) past its default time limits. But, as relevant here, this Court held that the bankruptcy court had not done so. Relief under 11 U.S.C. § 105(a) is "neither automatic nor may it be imposed *sua sponte* by the court." *Id.* at 701. Instead, a party must move for injunctive relief and meet the onerous standards for a preliminary injunction, having "the burden of demonstrating to the court the following: substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest." *Id.* at 701. Neither the debtor nor the bankruptcy court in *Wedgehood* had met this burden and therefore there was no stay in place. Because "the debtor ha[d] not properly moved for injunctive relief and the record d[id] not presently support the imposition of such an injunction," this Court could not impose one on appeal. *Id.* at 702.

The same is true here. Although the bankruptcy court, as in *Wedgewood*, wished there to be a stay against nondebtors, it lacked the power to impose one absent unusual circumstances that it did not consider and without meeting an onerous

2

test that it did not analyze. There is no injunction in place and therefore no valid stay against nondebtors.

A number of courts have noted since Wellpath's filing for bankruptcy that the bankruptcy court's stay goes beyond the text of 11 U.S.C. § 362(a) without successfully invoking the equitable authority 11 U.S.C. § 105(a), meaning that the stay is invalid as applied to nondebtors. *See, e.g.*, *Bowser v. Watson*, No. 2:23-CV-10568, 2024 WL 4989327, at *2 (E.D. Mich. Nov. 20, 2024); *Lentz v. Michigan Dep't of Corr.*, No. 2:24-CV-10198, 2024 WL 4874213, at *2 (E.D. Mich. Nov. 22, 2024); *Est. of Kartchner v. Cnty. of Merced*, No. 1:23-CV-01672-KES-SKO, 2024 WL 5057767, at *1 (E.D. Cal. Dec. 10, 2024); *C.R.A. by & through Alvarez v. Fresno Cnty.*, No. 1:23-CV-00672, 2024 WL 5111856, at *1 (E.D. Cal. Dec. 13, 2024). This Court should hold the same.

***

Even if the bankruptcy court's order were valid, a reasonable construction would not apply it here. In a claim brought by a state prisoner under Title II of the ADA, the appropriate defendant is the state itself. *See, e.g.*, *United States v. Georgia*, 546 U.S. 151, 154 (2006). Wellpath claims to currently have contracts with Pennsylvania as well as South Carolina, Florida, Massachusetts, Texas, and Washington in addition to large counties.[1]

The bankruptcy court's order states that it has stayed, "Any claims or causes of action that have been or may be asserted against any of the Debtors' current clients or customers." If Pennsylvania is a "client or customer" of Wellpath, then *any* claim brought on any basis against a number of states and municipalities would be stayed because of one corporation's bankruptcy proceedings. This cannot possibly be what the order means.

The Commonwealth Appellees write to this Court that the stay applies to Montanez's claims because "[W]hen issuing the stay, the Bankruptcy Court indicated that it applies to all claims which might trigger an indemnity obligation that runs to Wellpath" and Montanez's claim "may trigger an indemnity obligation that runs to Wellpath." While the Commonwealth Appellees naturally wish to limit the stay to something more plausible than its plain text, there are several independent problems with this argument. First, they base it on the "indicat[ion]" of the court from a snippet of a non-public hearing transcript rather than the actual text of the stay. Second, they mischaracterize what the judge said: the judge said the stay

---

[1] Wellpath lists its facilities at https://wellpathcare.com/recovery-solutions/locations/.

3

extended to actual indemnification obligations, not claims that "may trigger an indemnity obligation." Third, they make empirical claims about the substance of the contract between Wellpath and the Commonwealth Appellees with no citation and without providing the contract.

***

    Montanez does not intend to object to the entry of the Final Order enforcing the automatic stay by the February 7th deadline set forth in Dkt. No. 962.
    Montanez does intend to file a proof of claim with the Bankruptcy Court by the April 7th General Bar Date set forth in Dkt. No. 491.
    Montanez does not intend to seek relief from the automatic stay.

    Respectfully submitted,

/s/ *Samuel Weiss*
Lillian Novak
Samuel Weiss
Rights Behind Bars
1800 M St. NW, Front 1, #33821
Washington, DC 20033
Phone: 202-455-4399
Fax: 202-217-3879
Email: lily@rightsbehindbars.org
       sam@rightsbehindbars.org